UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

ZACHARY TYLER MARTIN,            )
                                 )
     Plaintiff,                  )
                                 )   Case No. 3:22-cv-322
v.                               )
                                 )   Judge Curtis L. Collier
POLARIS, INC., *et al.*,         )
                                 )
     Defendants.                 )

## MEMORANDUM & ORDER

Before the Court are the objections of Defendants, Polaris Inc., Polaris Industries Inc., and Polaris Sales Inc., to the pretrial disclosures of Plaintiff, Zachary Martin. (Doc. 36.) Defendants object to two categories of disclosures. First, Defendants object that Plaintiff did not designate or provide notice of the portions of depositions he intends to offer at trial. (*Id*. at 1.) Second, Defendants object that Plaintiff's fourteen "General Exhibit Disclosures" fail to separately identify each document or exhibit. (*Id*. at 3.) Plaintiff has not responded to Defendants' objections.

Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), each party must file "information about the evidence that it may present at trial other than solely for impeachment." Subsection (ii) requires "the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition." Fed. R. Civ. P. 26(a)(3)(A)(ii). Subsection (iii) requires "an identification of each document or other exhibit . . . " that will or may be introduced at trial.[1] Fed. R. Civ. P. 26(a)(3)(A)(iii).

Within fourteen days of disclosure of the exhibit list, an opposing party may "serve and promptly file . . . any objection, together with the grounds for it, that may be made to the

---

[1] Subsection (i) concerns witness information, which is not at issue here.

admissibility of materials identified under Rule 26(a)(3)(A)(iii)." Fed. R. Civ. P. 26(a)(3)(B). The opposing party's failure to object to the use of a deposition designated by the other party or to listed exhibits within fourteen days waives any objections, except as to relevance or under Rule 403, unless the objecting party shows good cause for the failure to object. *Id.*

Plaintiff did not file a notice with the Court regarding serving pre-trial disclosures on Defendants. However, on June 17, 2024, Defendants timely filed objections to Plaintiff's pre-trial disclosures, and included Plaintiff's pre-trial disclosures as an exhibit. (Docs. 36; 36-1; *see* Doc. 21 ¶ 5(g); Fed. R. Civ. P. 26(a)(3)(B)).

Defendant first objects to Plaintiff's deposition designations. (Doc. 36 at 1–2.) Plaintiff's pre-trial disclosures included a list of deposition designations[2], in which he designated the entire transcript of the depositions of eight named individuals as well as "[a]ny deposition of Defendant's experts" which Defendant reserves the right to play in their "entirety and/or selected portions." (*Id.*) Defendants object on the grounds that Plaintiff's deposition designations do not comply with Rule 26(a)(3)(A)(ii) because Plaintiff has not designated or otherwise provided notice of the portions of depositions Plaintiff intends to introduce at trial. (*Id* at 1.) Defendants argue they have been prejudiced by being "deprived of [their] opportunity to counter-designate portions of these depositions" they believe in fairness should be considered. (*Id*. at 2.) Defendants argue "Plaintiff should be prohibited from introducing any deposition testimony at trial" pursuant to Federal Rule of Civil Procedure 37(c)(1). (*Id.*) Alternatively, Defendants argue "the Court should order Plaintiff to designate, by page and line number, the 'selected portions' of the deposition Plaintiff intends to introduce at trial and afford [Defendants] an opportunity to object and counter-designate portions of the deposition testimony." (*Id.*)

---

[2] Subsection B of Plaintiff's pre-trial disclosures. (Doc. 32-1 at 1–2.)

Federal Rule of Civil Procedure 32(a)(1) allows for "all or part of a deposition" to be used if certain conditions are met. But the Court "retains a discretion to exclude repetitious matter and to require counsel to identify in his offer the parts [of a deposition] deemed relevant." *Zimmerman v. Safeway Stores, Inc.*, 410 F.2d 1041, 1044, n.5 (D.C. Cir. 1969) (citations omitted). Rather than "sanction[ing] the practice of indiscriminately offering an entire deposition or encourag[ing] any attempt . . . as a general rule the better practice is for the court in the first instance to require counsel to specify the particular portions that are deemed relevant and to limit the offer accordingly." *Pursche v. Atlas Scraper & Eng'g Co.*, 300 F.2d 467, 488 (9th Cir. 1961).

Accordingly, Plaintiff is **DIRECTED** to file amended pre-trial disclosures on or before **July 26, 2024**. The amended pre-trial disclosures **SHALL** identify the relevant portions of the designated depositions listed in Plaintiff's pre-trial disclosures (Doc. 36-1) and provide page and line or time designations of testimony which Plaintiff intends to offer. The deadline for Defendants to file objections to Plaintiff's deposition designations shall be **July 31, 2024**.

Defendants also object to Plaintiff's general exhibit disclosures. (Doc. 36 at 3.) In his pre-trial disclosures, Plaintiff listed fourteen "[g]eneral disclosures[3]," which includes broad categories of evidence at a high level of generality. (Doc. 36-1 at 2–3.) Defendant argues Plaintiff failed to separately identify exhibits and should be prohibited from introducing the exhibits at trial pursuant to Rule 37(c)(1). (Doc. 36 at 3.)

"Pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3) are intended to prevent prejudice at trial by putting the parties on notice of what evidence the opposing party plans to offer and to enable the Court to conduct trial proceedings efficiently." *United States EEOC v. Ohio State Univ.*, No. 2:20-cv-04624, 2023 U.S. Dist. LEXIS 14902, at *2 (S.D. Ohio Jan. 27, 2023) (citations

---

[3] Subsection C of Plaintiff's pre-trial disclosures. (Doc. 32-1 at 2–3.)

omitted). An exhibit list should include more than generalized categories of documents "as such vagueness fails to put the opposing party on notice of exactly which documents it can expect to see at trial." *Id*. (quotation and citation omitted). "One exception from this general principle is where 'voluminous items of a similar or standardized character [are] described by meaningful categories.'" *Id*. at 3 (quoting FED. R. CIV. P. 26(a)(3) advisory committee's note to 1993 amendment). But broad categories and catch-all phrases are insufficient under Rule 26(a)(3). *Ohio State Univ.*, No. 2:20-cv-04624, 2023 U.S. Dist. LEXIS 14902, at *3 (citations omitted).

Here, Plaintiff's general exhibit disclosures do not separately identify the documents or other exhibit Plaintiff intends to present at trial as required by Rule 26(a)(3)(iii). They also do not describe "meaningful categories" of items of similar character. *See id*. The disclosures fail to put Defendant on notice of what evidence Plaintiff plans to offer and to enable efficient trial proceedings. *See id*. at *2.

Accordingly, Plaintiff is **DIRECTED** to file an amended exhibit list that complies with Rule 26(a)(3)(A)(iii) no later than **July 26, 2024**. Plaintiff is further **ADVISED** that a failure to clearly and individually identify exhibits to be presented a trial may, except upon a showing of good cause, preclude the use of that exhibit or witness at trial. The deadline for Defendants to file objections to Plaintiff's deposition designations shall be **July 31, 2024**.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**