UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| ZACHARY TYLER MARTIN, | ) |
| *Plaintiff,* | ) |
| v. | ) Case No. 3:22-cv-322 |
| | ) Judge Curtis L. Collier |
| POLARIS, INC., *et al.*, | ) |
| *Defendants.* | ) |

## MEMORANDUM & ORDER

Before the Court is Plaintiff Zachary Martin's motion to continue the trial or, in the alternative, to extend the deadline for Plaintiff to respond to Defendants' non-dispositive motions filed on July 1, 2024. (Doc. 62.) On July 1, 2024, Defendants filed eleven substantive motions[1] (Docs. 38–48). Since Plaintiff filed his motion, Plaintiff has timely filed responses to all eleven of Defendants' July 1, 2024, motions (Docs. 72–82). Accordingly, Plaintiff's motion for extension of the motion response deadline is moot, and the Court considers only Plaintiff's request to extend the trial date.

Plaintiff asserts "the Parties have been in a prolonged discovery dispute in this case." (Doc. 62 at 1.) Plaintiff states that in March 2024 he served Defendants with supplemental requests for production of documents related to internal communications about window safety nets on Polaris recreational off-highway vehicles. (*Id*. at 1–2.) Defendants' initial response included various objections, but Defendants ultimately produced the requested supplemental documents on July 4, 2024. (*Id*. at 2.) This was after the motion in limine deadline. (*Id*.) Plaintiff asserts "Defendants have produced hundreds of pages of documents that will take considerable time to

---

[1] This excludes two motions for leave to file document under seal (Docs. 49, 54).

review," and that the contents of the documents are "indispensable to the Plaintiff's case." (*Id*. at 2.) Plaintiff argues his ability to prepare for trial has been burdened, justifying continuing the trial. (*Id*. at 2–3.) He also asserts he has not been given an opportunity to examine certain evidence and that Defendants have not yet provided their expert's complete file. (*See id*.) Plaintiff has not moved the Court to compel discovery. (*See id*.)

Defendants oppose Plaintiff's motion. (Doc 66.) Defendants note discovery was to be completed on March 29, 2024, in accordance with the Court's scheduling order, and the parties agreed to conduct certain discovery after that deadline. (*Id*. at 2.) They assert Plaintiff served the supplemental discovery request four days before the close of discovery. (*Id*.) The parties met and conferred in May 2024 regarding the search terms for review and collection of responsive documents and agreed on terms on June 3, 2024. (*Id*. at 2.) Defendants reviewed the documents identified by the search terms and produced 84 pages of responsive documents to Plaintiff on July 3, 2024. (*Id*.) Defendants argue Plaintiff "did not meaningfully pursue these documents until May 2024," and is not unduly burdened by production of 84 pages. (*Id*. at 3–4.) Defendants clarify that the large volume of documents to which Plaintiff refers is an expert witness file, rather than the 84-page response to Plaintiff's March 2024 supplemental discovery request. Additionally, Defendants argue Plaintiff "did not assert any discovery deficiencies relating to his requests for the production of communications until after the close of fact discovery." (*Id*. at 3 (emphasis removed).)

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court's judicial preferences state that continuances are not routinely granted. Here, Plaintiff has not shown good cause to modify the trial date. Defendants initially objected to producing the documents Plaintiff requested, and Plaintiff did not move to compel

production. (Doc. 62 at 2.) Instead, the parties met and conferred, and Defendants produced the documents one month after the parties agreed to search terms. (Doc. 66 at 2.) Given the nature and timeline of the supplemental discovery request, and the volume of responsive documents, the Court does not find good cause to delay trial.

Lacking good cause to modify the schedule, Plaintiff's motion to continue the trial (Doc. 62) is **DENIED**.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**