UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| ZACHARY TYLER MARTIN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:22-cv-322 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| POLARIS, INC., *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

# M E M O R A N D U M

Before the Court are eleven motions in limine filed by Defendants, Polaris Inc., Polaris Industries Inc., and Polaris Sales Inc. (collectively, "Polaris" or "Defendants") (Docs. 38–48). Plaintiff Zachary Martin has responded in opposition (Docs. 72–80), and Defendants have replied (Docs. 88–95, 103.) Defendants filed a supplement to their fourth motion in limine (Doc. 112), and Plaintiff responded (Doc. 117). The matters are now ripe for resolution.

## I.        BACKGROUND

This case arises from an incident involving a utility terrain vehicle (UTV)—a 2019 RZR XP 1000 EPS—designed and manufactured by Polaris. (Doc. 56 at 5; Doc. 14 ¶ 12.) The vehicle (the "altered RZR") was allegedly altered between leaving Polaris's control and the incident at issue. (Doc. 56 at 5.) Plaintiff was injured while riding as a passenger in the altered RZR when the vehicle overturned. (*Id.*) According to the allegations in the amended complaint, "[t]he forces involved caused Plaintiff to lose his grip on the 'passenger hand hold,' causing Plaintiff's right arm to be ejected from the vehicle." (Doc. 14 ¶ 17.) Plaintiff's right arm was "crushed by the roll cage" and his injuries resulted in below-the-elbow amputation of the arm. (*Id.* ¶ 19.) Plaintiff filed an amended complaint against Defendants on January 5, 2023, asserting

claims for strict liability, breach of express and implied warranties, and negligent misrepresentation.[1] (*Id.* ¶¶ 27–48.)

This case is set for trial on August 12, 2024. (Doc. 21.)

## II. LEGAL STANDARD

A motion in limine is a motion "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). The goal of a motion in limine is "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* As the Court of Appeals for the Sixth Circuit has noted, "Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

The following rules are pertinent with respect to the various motions.

### A. Federal Rules of Evidence 401, 402, and 403

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible" unless otherwise provided by the Constitution, a federal statute, or the Federal Rules of Evidence, and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence may be excluded by the court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

---

[1] Plaintiff included a fourth claim for punitive damages, which is not a cause of action, but rather part of the remedy requested. (Doc. 1 ¶¶ 49–50.)

## B. Federal Rules of Evidence 701 and 702

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed R. Evid. 701.

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

## III. ANALYSIS

The Defendants' eleven motions in limine and supplement to Defendants' fourth motion in limine are now ripe for consideration. The Court will address each in turn.

### 1. Reference to Any Alleged Defects Other than The Rollover Protective Structure and Passenger Hand Hold

In their first motion in limine, Defendants seek to exclude all evidence of and reference to other alleged defects in the altered RZR, or other similar vehicles under Rules 402 and 403. (Doc. 38 at 1.) Defendants argue this evidence should be excluded because Plaintiff has identified only two sources of alleged defects: the rollover protective structure ("ROPS") and passenger hand hold. (*Id.*) Defendants argue evidence of other alleged defects, including door height, are irrelevant because they have no bearing on the existence of the defects that Plaintiff identified in his claims. (*Id.* at 4.) Defendants also argue admission of evidence of other defects risks misleading the jury, confusing the issues, and delaying the trial. (*Id.*)

3

Plaintiff responds that he "intends to show that the Defendants were on prior notice of the dangerous defect prior to the date of manufacture of the [RZR at issue]." (Doc. 72 at 2.) He also intends to prove that the type of injury Plaintiff sustained was a foreseeable result of the RZR's defects. (*Id*.) He argues "[e]vidence related to the vehicle's defects, particularly those related to the vehicle's high rollover propensity and the lack of safety systems in place to protect occupants in the event of a rollover, are relevant to Plaintiff's injuries and his product liability claim." (*Id*. at 4.) Plaintiff asserts he "has relevant and admissible evidence of additional defects other than the defective ROPS and passenger hand hold." (*Id*.) One example of such defect is the "increased propensity to roll over compared to standard cars and trucks." (*Id*.) Plaintiffs assert there are defects that "cause the [RZR] to easily roll over," and "fail to adequately protect the occupant in the event of a rollover." (*Id*. at 5.)

Defendants reply that because Plaintiff only identified two defects in his complaint, evidence of other alleged defects would be irrelevant and unfairly prejudicial. (Doc. 91 at 2.) Defendants assert that Plaintiff "did not allege that the propensity for a rollovers was a defect." (*Id*. at 3 (emphasis removed).) Instead, "he alleged that RZRs were inherently prone to rollovers and that the [a]ltered RZR was defective because it did not adequately protect the occupants in the event of such a rollover." (*Id*.) Defendants argue it would confuse the jury to allow Plaintiff to introduce evidence that the propensity to rollover is a defect. (*Id*.) They state that Plaintiff "may show that RZRs can rollover without presenting that as a defect in the [a]ltered RZR." (*Id*.) Defendants also assert there is no witness who can testify to the RZRs propensity to rollover. (*Id*. at 3–4.)

The parties disagree on the defects Plaintiff alleged in his amended complaint. (*See* Docs. 38 at 1, 72 at 2, 5.) Plaintiff has not identified the defects he will attempt to prove at trial.

4

Accordingly, the Court will **RESERVE RULING** on Defendants' motion (Doc. 38).

> **2.** **Reference to Safer Alternative Designs Not Supported by Disclosed Expert Testimony**

In their second motion in limine, Defendants seek to exclude all evidence of and reference to safer designs of the RZR occupant retention characteristics[2] not supported by expert testimony. (Doc. 39.) Defendants assert that under either the prudent-manufacturer, or consumer-expectation test for Tennessee product liability claims, evidence of a safer alternative design must be supported by expert testimony. (Doc. 88 at 1–2.) Plaintiff argues the consumer-expectation test applies here, and "does not necessarily require expert testimony." (Doc. 73 at 1.)

"Tennessee products liability law . . . recognizes two different tests for determining whether a product is unreasonably dangerous." *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 428-29 (6th Cir. 2007). "The consumer expectation test is, by definition, buyer oriented; the prudent manufacturer test, seller oriented." *Id.* (citation and quotation omitted). The tests "are neither mutually exclusive nor mutually inclusive." *Brown v. Raymond Corp.*, 432 F.3d 640, 644 (6th Cir. 2005).

The consumer-expectation test asks whether a product is "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it." *Id.* (quotation and citations omitted.) The prudent-manufacturer test "imputes knowledge of the dangerous condition to the manufacturer, and then asks whether, given that knowledge, a prudent manufacturer would market the product." *Id.* (quotation and citation omitted). The prudent manufacturer test "requires that the plaintiff offer expert testimony as to the prudence of the

---

[2] Defendants note their use of the term "occupant retention characteristics" refers to alternative designs of the ROPS and passenger hand hold.

defendant's decision to market the product. *Irion v. Sun Lighting, Inc.*, No. M2002-00766-COA-R3-CV, 2004 WL 746823, at *7 (Tenn. Ct. App. Apr. 7, 2004) ("Expert testimony is required under the prudent manufacturer test."); *see e.g. Johnson v. Wal-Mart Stores East, LP.*, No. 3:11-CV-469, 2013 WL 3168591, at *4 (E.D. Tenn. June 20, 2013) ("A plaintiff cannot prove that a product is unreasonably dangerous under the prudent manufacturer test without expert testimony.").

"While an expert witness is necessary under the prudent manufacturer test, the consumer expectation test, by definition, relies on the expectations of ordinary consumers, not experts." *Coffey v. Dowley Mfg. Inc.*, 187 F. Supp. 2d 958, 968, 969 (M.D. Tenn. 2002). Evidence of a safer alternative design is irrelevant to the consumer-expectation test. *See Brown v. Raymond Corp.*, 432 F.3d 640, 647 (6th Cir. 2005) ("The availability of alternative designs is relevant because it is an important factor to be considered in the risk-utility test articulated by the Tennessee Supreme Court in *Ray ex rel. Holman*. *See* 925 S.W.2d at 533 n.10 (providing a non-exhaustive list of seven factors to be considered under the prudent-manufacturer test).)'"

The Court finds that to the extent Plaintiff's claim requires proof of a safer alternative design, such proof requires expert testimony. The Court will **GRANT** Defendants' motion (Doc. 39).

### 3. Reference to Other Alleged RZR Rollover Incidents

In their third motion in limine, Defendants move to exclude any evidence of "other alleged RZR rollover incidents, accidents, injuries, complaints, and lawsuits." (Doc. 40 at 1.) They anticipate Plaintiff may attempt to offer evidence of other alleged RZR rollover incidents, including videos and screenshots of those incidents and related testimony. (*Id*. at 6.) Defendants move to exclude an entire category of evidence, but also enumerate several documents they

argue should be excluded, including, but not limited to, documents 52-9–52-12, 52-14–52-17, 52-18, and Exhibit 39 to Mr. Dillon's deposition. (*Id*. at 6–7.) Defendants argue the evidence is irrelevant, unduly prejudicial, and a waste of time. (*Id*. at 1.) They specifically assert Plaintiff cannot prove other incidents were substantially similar to the one at issue and have minimal probative value that is outweighed by a substantial danger of unfair prejudice, misleading the jury, and wasting time. (*Id*. at 4–9.) They further argue that the videos and documents Plaintiff intends to offer cannot be authenticated, are inadmissible hearsay, and there are no witnesses who can testify about the incidents from personal experience. (*Id*. at 2, 9–13.)

Plaintiff responds that evidence of other similar incidents is relevant to Defendants' knowledge and notice of defects, ability to correct known defects, magnitude of the danger from the defects, the RZR's lack of safety for intended and foreseeable uses and misuses, and causation of Plaintiff's injuries. (Doc. 74 at 3.) He also asserts videos of other rollover events are offered to show the "natural human reaction to extend one's arms during a rollover," and states the "resulting mechanism of injury demonstrated in the[] videos is what is 'substantially similar' to Plaintiff's incident." (*Id*.) Plaintiff argues his experts relied on the videos "showing how real occupants react in roll-overs," to validate their "hypothesis about what a 'natural response' is to a rollover." (*Id*. at 4.) He also argues the videos are not hearsay and Plaintiff's experts can authenticate them. (*Id*. at 7.)

Federal Rule of Evidence 703 permits experts to base their testimony on hearsay, provided that facts that are otherwise inadmissible are not disclosed to the jury by the expert. Plaintiff's expert's reliance on videos or other evidence does not make the evidence admissible. But the issue of hearsay as raised here should be resolved within the context of trial. Therefore,

the Court will **RESERVE RULING** on whether evidence of other alleged RZR rollover incidents, accidents, injuries, complaints, and lawsuits is inadmissible hearsay evidence.

The Court finds that evidence of other alleged incidents, accidents, injuries, complaints, and lawsuits has arguable relevance to whether Defendants had notice of defects of the RZR. Defendant's motion will be **DENIED IN PART** to the extent Plaintiff is permitted to offer such evidence for the purpose of proving notice, after laying foundation for personal knowledge. Defendants may still properly object at trial if a basis arises.

Except for the limited purpose already discussed, the Court finds evidence depicting rollover events or other accidents that are not substantially similar to the incident here, to show how "real occupants react in roll-overs" is inadmissible under Rule 403. The probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time under Rule 403. Specifically, introducing this evidence may confuse the issue of the specific defects alleged in the RZR, incorrectly suggest that the RZR operates the same as other models depicted, and waste time on an issue Plaintiff proffers his expert is prepared to discuss. Defendants motion will be **GRANTED IN PART.** Plaintiff **SHALL NOT** offer evidence of other alleged incidents, accidents, injuries, complaints, and lawsuits for any purpose **EXCEPT** to show Defendants' notice of defects, unless the Plaintiff makes a threshold showing outside the presence of the jury of substantial similarity.

**4.      Evidence of Government Debate That Did Not Result in Regulations**

In their fourth motion in limine, Defendants move to exclude any evidence of "government debate that did not result in regulations, specifically the U.S. Consumer Protection Safety Commission's ("CPSC") failed rulemaking process for recreational off-highway vehicle ("ROV") safety standards."  (Doc. 41 at 1.)  Defendants argue that because the safety standards

were not in effect at the time the RZR was manufactured, they are irrelevant and inadmissible. (*Id*.)  They also argue that without a witness to authenticate the evidence, it is inadmissible hearsay.  (*Id*. at 1–3.)

Plaintiff responds that CPSC's proposed rulemaking is relevant because it shows that it had "determined that there was a significant enough safety risk in order to begin the rulemaking process."  (Doc. 75 at 2.)  He asserts that the CPSC's publications and proposals on safety issues "can assist in determining whether there was notice of the alleged defects to [Defendants], the magnitude of the risks associated with the design defects, and whether there are even defects." (*Id*. at 2.)

Defendants reply that Plaintiff "failed to disclose any expert witness who could opine on the CPSC rulemaking process to the extent it includes opinions as to the safety of ROVs and failed to disclose any witness with personal knowledge sufficient to authenticate such documents."  (Doc. 90 at 1.)  Defendants assert that because CPSC regulations were never in effect, they are not relevant to regulations existing in 2019 at the time the now-altered RZR was manufactured.  (*Id*. at 3.)   They argue that Defendants' involvement in the debates over regulation of the ROV industry does not demonstrate Defendants' notice of the alleged defects in the altered RZR at issue here.  (*Id*. at 4.)   They assert that Plaintiff's argument that CPSC documents are self-authenticating fails under Federal Rule of Evidence 902(5) and must be introduced through a witness with personal knowledge.  (*Id*. at 5–6.)  Defendants argue the CPSC documents are not admissible under the Federal Rule of Evidence 803(8) public records exception.  (*Id*. at 6.)   Finally, Defendants argue that Plaintiff "apparently concedes that testimony on this evidence exceeds the limit of Rule 701 as he . . . fails to address this

argument." (*Id*. at 7.) Plaintiff's untimely identifying of Ms. Robinson as a fact witness does not make the evidence admissible as the evidence requires expert testimony. (*Id*.)

Defendants filed a supplement to their fourth motion in limine, moving the Court to exclude Ms. Marietta Robinson ("Ms. Robinson") from testifying at trial. (Doc. 112 at 1.) Plaintiff designated Ms. Robinson as a fact witness on July 1, 2024. (*Id*.) Ms. Robinson is a former commissioner of the CSPC, and Defendants presume Plaintiff intends Ms. Robinson to testify about the CSPC's rulemaking process. (*Id*. at 1.) Defendants argue Ms. Robinson's testimony is irrelevant because evidence of the CSPC rulemaking process is irrelevant. (*Id*. at 2.) They also assert Ms. Robinson should be excluded because she "was not properly disclosed as a fact or expert witness." (*Id*.)

Plaintiff responded that CPSC documents are relevant "because they are probative of the fact that [Defendants were] on notice of the defective design" of the RZR. (Doc. 117 at 3.) The documents note numerous safety issues and recommendations for industry standards. (*Id*.) He argues Ms. Robinson's testimony should not be excluded because she can testify to CPSC accident reports and subsequent regulatory proposals. (*Id*. at 3–4.) Further, Plaintiff asserts this evidence is not prejudicial and will not confuse the jury. (*Id*. at 4.) Additionally, he argues the CPSC documents are self-authenticating, and excepted from the prohibition on hearsay under Federal Rule of Evidence 803(8) and should not be excluded. (*Id*. at 4–6.) He also asserts that Ms. Robinson was timely disclosed as a fact witness on June 30, 2024, and did not surprise Defendants. (*Id*. at 6–7.)

The Court finds that there may arguably be some relevance to CPSC or other proposed rules to the extent Defendants were involved in the ROV industry rulemaking process. The probative value is low. The Court finds the probative value is substantially outweighed by

danger of unfair prejudice, confusing issues, and misleading the jury. Specifically, evidence of government debate that did not result in regulations risks confusing the jury about the fact that the only regulations at issue in this case are those that were in existence at the time the altered RZR was manufactured in 2019. Further, it risks confusing the issue of notice of the specific defects in the altered RZR with notice of general issues with ROVs. It also may unfairly prejudice Defendants by suggesting non-compliance with standards to which they were not legally obligated to adhere. Accordingly, the Court will **GRANT** Defendants' motions (Docs. 41, 112) and exclude any evidence of government debate that did not result in regulations, specifically the CPSC failed rulemaking process for ROV safety standards, **EXCEPT** to the extent the evidence demonstrates actual notice to Defendants of a defect in the altered RZR (2019 RZR XP 1000 EPS).

### 5. Kenneth d'Entremont's Tesimony

In their fifth motion in limine, Defendants move to exclude "all evidence of, or reference to, Dr. Kenneth d'Entremont's testimony." (Doc. 42 at 1.) First, Defendants state that Dr. d'Entremont was a Polaris employee but left the company in 2019 and has no personal knowledge of facts relevant to this matter. (*Id*.) Second, they argue Dr. d'Entremont was not retained, and therefore cannot testify, as an expert. (*Id*.) Third, they assert that "although Dr. d'Entremont is an unavailable witness, [Defendants] did not have the opportunity to examine d'Entremont during his deposition." (*Id*. at 2.) Plaintiff began to examine Dr. d'Entremont during a May 1, 2024, deposition, but it was cut short due to court reporter unavailability. (*Id*.) The parties are attempting to resume the deposition. [3] (*Id*.) Fourth, Defendants argue Dr.

---

[3] Defendants note they will inform the Court and withdraw this third argument for exclusion of Mr. d'Entremont's testimony if they are able to resume the deposition and cross-examine him.

d'Entremont never agreed to serve as an expert witness, and Plaintiff cannot require him to do so. (*Id*.)

Plaintiff argues that Dr. d'Entremont has personal knowledge as Defendants' representative during the 2008 CPSC meeting to create safety rules regarding rollovers and occupant protection. (Doc. 76 at 1.) Additionally, Dr. d'Entremont was Defendants' chief safety designer, and his recommendation was rejected in order for Defendants to compete with another manufacturer. (*Id*.) Plaintiff seeks to introduce his testimony to show that Defendants were on notice of defects in the RZR prior to the date of manufacture, and that Plaintiff's injuries were foreseeable. (*Id*. at 2–3.) He proffers that Dr. d'Entremont was at the CPSC meeting when CPSC put Defendants on notice of certain dangers of ROVs. (*Id*.) He would also testify that Defendants previously added window safety nets as protection, then later removed this safety feature. (*Id*. at 3.) Plaintiff argues he retained Dr. d'Entremont as a fact witness, but "out of an abundance of caution" disclosed him as an expert witness. (*Id*.) Plaintiff asserts Defendants caused the scheduling issue with completing Dr. d'Entremont's deposition and should not benefit from his exclusion. (*Id*. at 3–4.)

Plaintiff proffers that Dr. d'Entremont has personal knowledge that may be relevant to the issue of Defendants' notice of defects in the RZR and the foreseeability of Plaintiff's harm. The Court finds there is at least arguable relevance to Dr. d'Entremont's testimony. Because Plaintiff states that Dr. d'Entremont is a fact witness, his testimony will be limited to personal knowledge. Defendants' motion to exclude Dr. d'Entremont's testimony (Doc. 42) will be **DENIED** to the extent they move to exclude Dr. d'Entremont from testifying. As a fact witness, Mr. d'Entremont will be limited to testifying to personal knowledge. The Court will **RESERVE RULING** on all other grounds.

### 6.      Testimony of David Dillon and Alex Dobmeier

In their sixth motion in limine, Defendants move to prohibit Plaintiff "from introducing or relying upon the testimony of David D. Dillon and Alex T. Dobmeier for questions that exceeded the scope of the Rule 30(b)(6) notice." (Doc. 43 at 1.) They specifically move for exclusion of such testimony both (1) as the testimony of [Defendants] because it exceeds the scope of the 30(b)(6) notice; and (2) as the personal testimony of Mr. Dillon and Mr. Dobmeier under Rule 403. (*Id*.) They also argue that introduction of Mr. Dobmeier's deposition testimony is improper under Federal Rule of Civil Procedure 43, except for impeachment, because he will be available at trial. (*Id*.) The allege Mr. Dillon and Mr. Dobmeier testified "only pursuant to a notice of deposition for [Defendants'] corporate representative," but Plaintiff asked questions outside that scope. (*Id*.) Defendants argue the Court should exclude personal testimony of either representative under Rule 403 as it risks the jury conflating the representatives' knowledge with Defendants' knowledge. (*Id*. at 2.)

Defendants also note Defendants repeatedly objected to deposition questions outside the scope of designated topics. (*Id*. at 3.) Defendants note that Plaintiff designated the entire depositions of both representatives. (*Id*. at 5.) Since Defendants filed the current motion, the Court ordered Plaintiff to designate specific portions of depositions, and Plaintiffs filed updated pre-trial disclosures. (Docs. 106, 115.)

Plaintiff argues that the questions asked in depositions of the representatives is relevant by listing examples of interrogatories in this case. (Doc. 77 at 1–4.) He also argues that because Defendants did not respond to Plaintiff's discovery requests, Plaintiff incorporated additional requests into his notice of deposition under Federal Rule of Civil Procedure 34. (*Id*. at 5.) He asserts that Mr. Dobmeier's deposition can be used at trial pursuant to Rule of Federal Procedure

32(a)(3), regardless of Mr. Dobmeier's availability.  (*Id*. at 5–6.)  Plaintiff does not respond to Defendants' Rule 403 argument regarding Mr. Dillon and Mr. Dobmeier's personal testimony. (*See id*. at 1–6.)

Defendants reply by explaining their argument is that the two representatives' testimony "is only binding and admissible as [Defendants'] testimony to the extent [Plaintiff's] questioning related to topics contained in the Rule 30(b)(6) notice to [Defendants].  Because [Plaintiff] fails to identify a topic in his Rule 30(b)(6) notice that would encompass the questioning he seeks to admit, all of [Mr.] Dillon's and [Mr.] Dobmeier's answers to questions outside of the topics in the Rule 30(b)(6) are not binding on [Defendants](sic)," and are instead their personal testimony. (Doc. 92 at 1–3.)  Additionally, they argue both Mr. Dillon and Mr. Dobmeier's personal testimony should be excluded under Rule 403, and that Plaintiff conceded the issue under Rule 403 by not arguing it in his response.  (*Id*. at 2, 4.)

Rule 30(b)(6) depositions are limited to the noticed topics, regardless of the relevance of the questioning.  *See Wolff v. Maybach Int'l Grp., Inc.*, Civil Action No. 2: 19-149-DCR, 2023 U.S. Dist. LEXIS 170218, at *6 (E.D. Ky. Sep. 25, 2023).  Testimony in response to questions outside the scope of Plaintiff's Rule 30(b)(6) notice is not binding on Defendants.  Here, introduction or reliance upon the testimony of Mr. David Dillon and Mr. Alex Dobmeier in response to questions that exceeded the scope of Plaintiff's Rule 30(b)(6) notice are not binding on Defendants.  Additionally, the Court finds Plaintiff conceded the issue of exclusion of Mr. Dillon and Mr. Dobmeier's personal testimony under Rule 403 by failing to respond to Defendants' argument.  *See Taylor v. UnumProvident Corp.*, Nos. 1:03-cv-1009, 1:03-md-1552, 2005 U.S. Dist. LEXIS 36840, at *7 (E.D. Tenn. Dec. 14, 2005) ("A responding party waives

any opposition to an opponent's argument in one of two ways: either by expressly conceding a point or by failing to respond to opponent's argument.") (citations omitted).

Defendant's motion to exclude introduction or reliance upon the testimony of Mr. David Dillon and Mr. Alex Dobmeier for questions that exceeded the scope of the Rule 30(b)(6) notice (Doc. 43) will be **GRANTED**.

While not currently before the Court, the Parties disagree on the use of Rule 30(b)(6) deposition testimony at trial. The Court notes that "[w]hether to admit deposition testimony in evidence at trial rests within the district court's broad discretion." *Wolff*, Civil Action No. 2: 19-149-DCR, 2023 U.S. Dist. LEXIS 170218, at *5 (citations omitted). "Although Rule 32(a)(3) allows an adverse party to use a Rule 30(b)(6) witness's deposition for 'any purpose,' courts routinely limit that option when the witness is available for trial. *Id*. at *5–6 (citations omitted). Because this issue is not currently before the Court, the Court will **RESERVE RULING** on this issue.

### 7. Golden Rule, Reptile Theory, and Similar Public Safety Arguments

In their seventh motion in limine, Defendants move the Court to preclude arguments or voir dire related to "golden rule," "reptile theory," or other public safety arguments. (Doc. 44 at 1.) Plaintiff concedes that "golden rule" arguments are prohibited but argues Defendants' motion is overly broad and vague. (Doc. 78 at 1–2.) The Court will address each category of argument in turn.

First, the Court will preclude Plaintiff from offering evidence, argument, or comment which violates the golden rule. A "Golden Rule" argument is one that suggests "that jurors place themselves in [the plaintiff's] shoes." *Johnson v. Howard*, 24 F. App'x 480, 487 (6th Cir. 2001). The Sixth Circuit has repeatedly condemned these arguments because they "invite decision based

on bias and prejudice rather than consideration of facts." *Mich. First Credit Union v. Cumis Ins. Soc'y., Inc.*, 641 F.3d 240, 249 (6th Cir. 2011); *Johnson*, 24 F. App'x at 487. Plaintiff shall not make arguments suggesting that jurors place themselves in Plaintiff's position.

Second, the Court will reserve ruling on the motion to preclude reptile theory evidence, argument, or comment. "'Reptile Theory' is a method of persuading jurors to find in a plaintiff's favor by invoking the primal (or reptilian) part of jurors' minds, which drives them to act to protect themselves or their community." *Ansari v. Jimenez*, 678 F. Supp. 3d 926, 934 (E.D. Mich. 2023) (quotation and citation omitted). Defendants have not identified specific evidence or argument they move to preclude, or distinguished evidence or arguments that should be excluded under the golden rule from those excluded under reptile theory. "Unless calculated to incite the passions and prejudices of the jurors, appeals to the jury to act as the community conscience are not per se impermissible." *United States v. Solivan*, 937 F.2d 1146, 1151 (6th Cir. 1991). The Court will consider objections to the introduction of such evidence or argument as they arise during trial.

Third, the Court will reserve ruling on the motion to preclude evidence or argument of "other public policy arguments" for the same reasons as apply to reptile theory. The Court will consider objections to the introduction of such evidence or argument as they arise during trial.

Defendants' motion regarding golden rule, reptile theory, and other public policy arguments (Doc. 44) will be **GRANTED IN PART**. The parties **SHALL NOT** make golden rule arguments or attempt to incite the passions and prejudices of the jurors during opening or closing statements. The Court will **RESERVE RULING** and consider objections to the introduction of other such evidence or argument as they arise during trial.

### 8. Reference to Polaris's Insurance Coverage

In their eighth motion in limine, Defendants move the Court to exclude evidence of Defendants' insurance coverage. (Doc. 45 at 1.) Defendants argue that Federal Rule of Evidence 411 specifically bars admission of evidence of insurance coverage to prove liability. (*Id.*) They also argue such evidence is irrelevant, and inadmissible under Rule 403 as its probative value is substantially outweighed by the risk that the jury will misuse the evidence. (*Id.*)

Plaintiff argues the Court should deny the motion because "Plaintiff has no intention to reference Defendants' insurance coverage and Defendants have identified no basis for any contrary belief." (Doc. 79 at 1.) Plaintiff states he does not intend to introduce evidence to prove liability but argues he "should not be artificially precluded from doing so if an unanticipated other purpose should unexpectedly arise at trial." (*Id.*)

Because Plaintiff proffers that he does not intend to introduce evidence of Defendants' insurance coverage to prove liability, Defendants' motion (Doc. 45) to exclude such evidence for this purpose under Rule 411 will be **GRANTED IN PART**. The Court will **RESERVE RULING** on the use of evidence of Defendants' insurance coverage for any other purpose.

### 9. Bifurcate Trial

In their ninth motion in limine, Defendants move to bifurcate the trial so "the issues of liability and compensatory damages are tried separately from the amount of punitive damages, if any." (Doc. 46 at 1.) Plaintiff does not oppose bifurcation. (Doc. 80 at 1.)

Defendants' motion (Doc. 46) will be **GRANTED.** The Court will conduct trial on punitive damages, if necessary, immediately after the first proceeding and with the same jury.

### 10. Evidence of Polaris's Financial Status and Financial Information

In their tenth motion in limine, Defendants move to exclude "all evidence or reference to [Defendants'] financial status, as well as financial information related to [Defendants'] manufacture of the RZR, during the trial on liability and amount of compensatory damages." (Doc. 47 at 1.)  This includes evidence regarding costs or profits from RZR sales.  (*Id*. at 4.)  Defendants argue the evidence is irrelevant and inadmissible under Rule 403.  (*Id*. at 1.)

Plaintiff states he "has no intention of referring to [Defendants'] financial condition for any improper reason during the liability stage of the trial."  But he asserts "Defendants' financial condition is relevant to the question of feasibility of safer alternative designs."  (Doc. 81 at 1.)  He refers to deposition testimony from a 30(b)(6) witness indicating "that the cost per unit to add a protective window barrier is $3."  (*Id*. at 2.)

Defendants reply that the cost of an alternative design "is relevant to whether a design is feasible under Tennessee law," but distinguishes this from the evidence of financial status they move to exclude.  (Doc. 96 at 1.)  They also assert that Plaintiff mischaracterized the deposition testimony regarding the cost of a protective window barrier, as the witness testified, he had no knowledge of the cost.  (*Id*. at 4.)  Defendants re-assert their argument that evidence of their financial status is inadmissible under Rule 403.

The Court finds that evidence of the cost of a safer alternative design is relevant to Plaintiff's claims.  But evidence of Defendants' financial status or other financial information is irrelevant and inadmissible.  Defendants' motion (Doc. 47) will be **GRANTED.**  This does not preclude Plaintiff from attempting to offer evidence of the cost of alternative design, to the extent it is otherwise admissible.

**11.    Jury Viewing of Altered RZR and Stock Vehicle**

In their eleventh motion in limine, Defendants move the Court to permit the jury to view the vehicle at issue (the "altered RZR") and a stock vehicle of the same model as Defendants manufacture and sell it, with no aftermarket modifications. (Doc. 48 at 1.) Defendants argue the exemplar vehicles are relevant and the opportunity to view them will aid the jury in understanding trial testimony from both fact and expert witnesses. (*Id*.) They note that a "critical issue in this case is the extent to which the [a]ltered RZR was modified after it was originally sold by [Defendants]," and argue the risk of unfair prejudice is minimal. (*Id*. at 1–2.) Defendants assert they are "prepared to coordinate with [Plaintiff's] counsel and submit suggested procedures for viewing the exemplar vehicles."

Plaintiff seems to agree that the exemplar vehicles are relevant, but Plaintiff argues the jury should not be permitted to view the vehicles because it would be unfairly prejudicial and have the tendency to confuse or mislead the jury. (Doc. 82 at 1.) He argues that modification of the vehicle does not make it more or less likely to roll over, and the jury does not have the expertise to identify such characteristics that would impact the propensity to roll over. (*Id*.) He also states that neither Plaintiff nor his counsel have inspected the vehicles. (*Id*. at 5.)

Defendants reply that Plaintiff must prove that the altered RZR was defective or unreasonably dangerous when it left Defendants' control. (Doc. 97 at 2.) The extent of aftermarket modifications is high. (*Id*.) They also assert Plaintiff has not requested to inspect the vehicles, even though Defendants disclosed their expert's acquisition of the vehicles on May 31, 2024. (*Id*. at 3.) Defendants do not object to allowing Plaintiff, Plaintiff's counsel, or his expert to do so. (*Id*.)

The Court finds the altered RZR and stock RZR to be relevant, and the probative value is not substantially outweighed by the risk of unfair prejudice, confusing the issues, or misleading the jury. Defendants' motion (Doc. 48) will be **GRANTED** to the extent the evidence is deemed admissible under Rules 401, 402, and 403. This ruling does not remove the requirement to lay foundation, and Defendant may still properly object at trial if a basis arises.

## III. <u>CONCLUSION</u>

1. The Court will **RESERVE RULING** on Defendants' first motion in limine (Doc. 38).

2. Defendants' second motion in limine (Doc. 39) will be **GRANTED.**

3. Defendants' third motion in limine (Doc. 40) will be **GRANTED IN PART, DENIED IN PART** and the Court will **RESERVE RULING IN PART.** Defendant's motion will be **DENIED** to the extent Plaintiff is permitted to offer evidence of other alleged RZR rollover incidents, accidents, injuries, complaints, and lawsuits for the purpose of proving notice, after laying foundation for personal knowledge. The motion will be **GRANTED** to the extent Plaintiff **SHALL NOT** offer such evidence for any other purpose, **UNLESS** the Plaintiff makes a threshold showing outside the presence of the jury of substantial similarity. The Court will **RESERVE RULING** on whether the evidence is inadmissible hearsay evidence.

4. Defendants' fourth motion in limine (Doc. 41) will be **GRANTED, EXCEPT** to the extent the evidence demonstrates actual notice to Defendants of a defect in the 2019 RZR XP 1000 EPS.

5. Defendants' fifth motion in limine (Doc. 42) will be **DENIED IN PART** and ruling will be **RESERVED IN PART.** The motion will be **DENIED** to the extent Defendants move to exclude Dr. d'Entremont from testifying, and the Court will **RESERVE RULING** on all other grounds.

6. Defendants' sixth motion in limine (Doc. 43) will be **GRANTED**.

7. Defendants' seventh motion in limine (Doc. 44) will be **GRANTED IN PART**.  The motion will be **GRANTED** as to "golden rule" argument and the Court will **RESERVE RULING** on arguments or appeal to "reptile theory" or other public policy arguments.

8. Defendants' eighth motion in limine (Doc. 45) will be **GRANTED IN PART**.  The motion will be **GRANTED** to the extent evidence of Defendants' insurance coverage **SHALL NOT** be used to prove liability.  The Court will **RESERVE RULING** on the use of evidence of Defendants' insurance coverage for any other purpose.

9. Defendants' ninth motion in limine (Doc. 46) will be **GRANTED.**

10. Defendants' tenth motion in limine (Doc. 47) will be **GRANTED.**

11. Defendants' eleventh motion in limine (Doc. 48) will be **GRANTED** to the extent the evidence is deemed admissible under Federal Rules of Evidence 401, 402, and 403.

    **AN APPROPRIATE ORDER WILL ENTER**


                     **/s/** _____
                     **CURTIS L. COLLIER**
                     **UNITED STATES DISTRICT JUDGE**