UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| ZACHARY TYLER MARTIN, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Case No. 3:22-cv-322 ) ) Judge Curtis L. Collier |
| POLARIS, INC., *et al.*, | ) ) |
| *Defendants.* | ) |

## **MEMORANDUM & ORDER**

Before the Court is Plaintiff's motion for leave to file a supplement to his motion in limine to exclude expert testimony (Doc. 86). Plaintiff filed the pending motion on July 17, 2024. (*Id.*) Defendants responded in opposition on July 26, 2024. (Doc. 119.) Defendants oppose both Plaintiff's motion for leave to file and the motion Plaintiff moves to file. (Doc. 119 at 1.) Trial is scheduled to begin August 12, 2024.

Plaintiff moves to file a supplement to his motion in limine to exclude Defendants' experts (Doc. 58) as untimely and outside the Court's scheduling order. (Doc. 86 at 1.) Plaintiff states that he requests leave to file "in order to seek relief from [Defendants'] repeated discovery abuses." (*Id.*) He refers to the motion he moves to attach (Doc. 86-1), stating, "as detailed in the proposed motion, Plaintiff has co-operated (sic) and made numerous informal agreements with [Defendants] and [Defendants have] repeatedly failed to live up to those agreements." (*Id.*) Plaintiff asserts he has been "severely prejudiced" and "the only appropriate remedy is to exclude the testimony of those experts in their entirety." (*Id.*)

Defendants opposed Plaintiff's motion for leave to file the supplement to his motion because "Plaintiff offers no basis for his request for leave to file his untimely" motion. (Doc. 119

at 2.) They further oppose the motion Plaintiff moves for leave to file (Doc. 86-1). (Doc. 119 at 2.)

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the Court may extend time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Here, Plaintiff offers no justification for his request to file his untimely motion. (*See* Doc. 86.) The motion Plaintiff moves to file (Doc. 86-1) is not before the Court. But the Court notes the only justification contained in that document is that Defendants did not disclose their experts or reveal they had acquired the subject vehicle until approximately three weeks before July 1, 2024, and did not disclose "FARO scan data" and other "information detailed in [Defendants'] expert reports to Plaintiff until after" the July 1, 2024, motion in limine deadline.

Plaintiff has not shown good cause for leave to file an untimely motion in limine. Accordingly, the Court **DENIES** Plaintiff's motion for leave to file (Doc. 86).

SO ORDERED.

ENTER.

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**