UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| ZACHARY TYLER MARTIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 3:22-cv-322 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| POLARIS, INC., *et al.*, | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

Before the Court is a motion in limine filed by Plaintiff Zachary Martin (Doc. 59). A response was filed by Defendants, Polaris Inc., Polaris Industries Inc., and Polaris Sales Inc. (collectively, "Polaris" or "Defendants") (Doc. 71), and Plaintiff has replied (Doc. 98). The matter is now ripe for resolution.

### I. BACKGROUND

This case arises from an incident involving a utility terrain vehicle (UTV)—a 2019 RZR XP 1000 EPS—designed and manufactured by Polaris. (Doc. 56 at 5; Doc. 14 ¶ 12.) The vehicle (the "altered RZR") was allegedly altered between leaving Polaris's control and the incident at issue. (Doc. 56 at 5.) Plaintiff was injured while riding as a passenger in the altered RZR when the vehicle overturned. (*Id.*) According to the allegations in the amended complaint, "[t]he forces involved caused Plaintiff to lose his grip on the 'passenger hand hold,' causing Plaintiff's right arm to be ejected from the vehicle." (Doc. 14 ¶ 17.) Plaintiff's right arm was "crushed by the roll cage" and his injuries resulted in below-the-elbow amputation of the arm. (*Id.* ¶ 19.) Plaintiff filed an amended complaint against Defendants on January 5, 2023, asserting claims for strict

liability, breach of express and implied warranties, and negligent misrepresentation.[1] (*Id*. ¶¶ 27–48.)

This case is set for trial on August 12, 2024. (Doc. 21.)

## II. LEGAL STANDARD

A motion in limine is a motion "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). The goal of a motion in limine is "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* As the Court of Appeals for the Sixth Circuit has noted, "Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

The following rules are pertinent with respect to the various motions.

### A. Federal Rules of Evidence 401, 402, and 403

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible" unless otherwise provided by the Constitution, a federal statute, or the Federal Rules of Evidence, and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence may be excluded by the court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

---

[1] Plaintiff included a fourth claim for punitive damages, which is not a cause of action, but rather part of the remedy requested. (Doc. 1 ¶¶ 49–50.)

### B. Federal Rules of Evidence 701 and 702

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed R. Evid. 701.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

### III. ANALYSIS

Plaintiff moves for five evidentiary rulings. The Court will address each in turn.

#### 1. Documents from the Consumer Product Safety Commission

Plaintiff first moves for a ruling that documents from the Consumer Product Safety Commission (the "CPSC") are admissible, and that they are not hearsay and self-authenticating. (Doc. 98 at 1–5.)

The Court granted Defendants' motion in limine to exclude any evidence of government debate that did not result in regulations, specifically the CPSC failed rulemaking process for ROV safety standards except to the extent the evidence demonstrates actual notice to Defendants of a defect in the altered RZR (2019 RZR XP 1000 EPS). (Doc. 129.) Accordingly, the Court will **RESERVE RULING** on hearsay and self-authentication. The motion will be **DENIED AS MOOT** on all other grounds.

## 2. Evidence of Purchase or Consumption of Alcohol

Plaintiff second moves to exclude evidence of purchase or consumption of alcohol by Plaintiff or any other person. (Doc. 59 at 2.) Plaintiff argues there is "[no] objective evidence" of any level of intoxication because Plaintiff was not administered a blood alcohol content test and medical records indicate he was alert. (*Id*.) He asserts the testimony is inadmissible under Rule 403. (*Id*.) Defendants respond that testimony from Plaintiff and Mr. Adams, the driver of the RZR during the incident, are competent evidence of alcohol purchase and consumption. (Doc. 71 at 6.) Further, any contradictory evidence does not make the evidence inadmissible, and the evidence is highly probative and not unfairly prejudicial. (*Id*. at 6–8.) Plaintiff's reply re-states his position that there is no factual basis for the evidence. (Doc. 98 at 5.)

The Court finds there is evidence that Plaintiff and Mr. Adams purchased and consumed alcohol on the day of the incident. (*See e.g.,* Docs. 99-1, 99-2, 99-3 (summarizing factual evidence).) The Court also finds the probative value is high as it is relevant to the foreseeability of harm and comparative fault. The probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence under Rule 403. Accordingly, Plaintiff's second motion in limine will be **DENIED.**

## 3. Lay Witness Testimony by Mr. Adams

Plaintiff third moves the Court to preclude Mr. Adams from testifying that the altered RZR's aftermarket roll cage was lower than the factory-installed roll cage by a few inches, and testifying to his opinion that Plaintiff would not have been injured if the factory-installed roll cage had still been on the vehicle. (Doc. 59 at 3–4.) Plaintiff argues Mr. Adams did not measure the difference in the roll cage height, so his testimony is speculative. (*Id*. at 4.) He also argues Mr.

Adams does not have the expertise necessary to opine on what would have happened but-for removal of the factory-installed roll cage. (*Id.*) Defendants respond that Mr. Adams' testimony about the height of the altered RZR roll cage is based on his perception and is therefore proper lay witness testimony. (Doc. 71 at 9–11.) Defendants do not argue that Mr. Adams should be allowed to testify to his opinion regarding whether Plaintiff would have been injured if the factory-installed roll cage had still been on the vehicle. (*See id.*)

The Court finds that Mr. Adams' testimony regarding the difference between the altered RZR's aftermarket roll cage and the factor-installed roll cage is proper lay witness testimony under Rule 701 and not speculative in that it is based on his perception. The Court finds Mr. Adams' opinion regarding whether Plaintiff would have been injured if the factory-installed roll cage had still been on the vehicle to be improper lay witness testimony under Rule 701. Accordingly, Plaintiff's third motion in limine will be **GRANTED IN PART** and **DENIED IN PART.**

4. **Evidence of Attempt to Do "Donut"**

Plaintiff fourth moves the Court to exclude evidence that the driver of the altered RZR was attempting to do a "donut" at the time of the rollover. (Doc. 59 at 4.) Plaintiff argues there is no admissible evidence to support this alleged fact because the only eyewitnesses to the incident—Plaintiff and the driver, Mr. Adams—deny this fact. (*Id.*) He also argues this evidence is inadmissible hearsay. (*Id.*) Plaintiff asserts any statements contained in Plaintiff's medical records or other documents regarding Mr. Adams attempting to do a "donut" are also hearsay. (*Id.* at 5–6.) Defendants respond that Plaintiff admitted during his deposition that Mr. Adams was attempting to do a "donut," and this evidence is not hearsay because Plaintiff is a party to the case. (Doc. 71 at 12.) They argue Mr. Adams' testimony regarding attempting to do a "donut" is admissible impeachment evidence admissible under Federal Rule of Evidence 801. (*Id.* at 13.)

They also assert Plaintiff's medical records are admissible under Federal Rule of Evidence 805. (*Id*. at 13–18.) Further, they assert the evidence is relevant to comparative fault. Plaintiff replies that both Plaintiff and Mr. Adams "have denied that Mr. Adams was attempting to do a 'donut' at the time of the rollover." (Doc. 98 at 5.)

The Court finds there is evidence that Plaintiff and Mr. Adams made statements indicating that Mr. Adams was attempting to do a "donut" at the time of the incident. (*See e.g.,* Docs. 99-1, 99-2, 99-3 (quoting deposition testimony).) The Court also finds the probative value is high as it is relevant to the foreseeability of harm and comparative fault. The probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence under Rule 403. Additionally, under Federal Rule of Evidence 801(d)(2)(A) Plaintiff's statements are not hearsay. Accordingly, the Court will **DENY** Plaintiff's motion. Plaintiff may still properly object at trial if a basis arises.

     **5.**     **Records or Other Evidence Obtained After July 1, 2024**

Plaintiff fifth moves the Court to exclude evidence obtained as a result of Defendants' subpoena to "Bat Cave LLC, to be produced on or before July 9, 2024." (Doc. 59 at 5.) He argues the evidence is untimely. (*Id*. at 5–6.) Defendants respond that they "will not use any trial documents produced by Bat Cave LLC after July 1, 2024." (Doc. 59 at 18.) To the extent Plaintiff's motion may be construed to request exclusion of all documents produced after July 1, 2024, Defendants are opposed as they assert Plaintiff has also produced documents since that date. (*Id*. at 18–19.) Plaintiff replies, stating he will separately file a motion for sanctions regarding expert witness evidence disclosed to him since July 1, 2024. (Doc. 98 at 6–8.)

6
Case 3:22-cv-00322-CLC-JEM   Document 131   Filed 07/31/24   Page 6 of 8   PageID #: 6063

Defendants do not oppose Plaintiff's motion.  Accordingly, the Court will **GRANT** Plaintiff's motion to exclude evidence obtained as a result of Defendants' subpoena to Bat Cave LLC.  Because Plaintiff has separately filed a motion regarding additional evidence disclosed since July 1, 2024, the Court will **RESERVE RULING** on that issue.

### III. CONCLUSION

1. Plaintiff's motion to exclude documents from the Consumer Product Safety Commission will be **DENIED AS MOOT.**

2. Plaintiff's motion to exclude evidence of purchase or consumption of alcohol will be **DENIED.**

3. Plaintiff's motion to exclude certain testimony from Mr. Adams will be **GRANTED IN PART** and **DENIED IN PART.**  Plaintiff's motion will be **GRANTED** as to testimony about whether Plaintiff would have been injured if the factory-installed roll cage had still been on the vehicle.  Plaintiff's motion will be **DENIED** as to testimony regarding the difference between the altered RZR's aftermarket roll cage and the factor-installed roll cage.

4. Plaintiff's motion to exclude evidence of an attempt to do a "donut" will be **DENIED.**

5. Plaintiff's motion to exclude evidence of obtained by Defendants after July 1, 2024, will be **GRANTED IN PART** and the Court will **RESERVE RULING IN PART.**  The motion will be **GRANTED** to the extent Defendants **SHALL NOT** admit or rely on any trial documents produced by Bat Cave LLC after July 1, 2024.  The Court will **RESERVE RULING** on the admissibility of other evidence disclosed to Plaintiff since July 1, 2024.

   **AN APPROPRIATE ORDER WILL ENTER**

/s/
**CURTIS L. COLLIER**

**UNITED STATES DISTRICT JUDGE**