UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| ZACHARY TYLER MARTIN, | ) |
| *Plaintiff,* | ) ) ) |
| | ) Case No. 3:22-cv-322 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| POLARIS, INC., *et al.*, | ) ) |
| *Defendants.* | ) |

## **MEMORANDUM & ORDER**

Before the Court is Plaintiff's motion for sanctions against Defendants. (Doc. 100.) Defendants responded in opposition (Doc. 113), and Plaintiff replied (Doc. 122). The Court will **DENY** Plaintiff's motion.

Plaintiff moves under Federal Rule of Civil Procedure 26, 30, and 37 for sanctions against Defendants for two alleged discovery abuses. (Docs. 100 at 1; 122 at 5.) First, Plaintiff alleges that Defendants failed to produce documents responsive to Plaintiff's discovery request. (*Id.* at 4–11.) Second, he alleges Plaintiff provided a representative who "had no knowledge or understanding of the subject matters" in the Federal Rule of Civil Procedure 30(b)(6) deposition notice. (*Id.* at 11.) The Court will address each in turn.

1. **Failure to Produce Documents Responsive to Plaintiff's Discovery Request**

First, Plaintiff argues he served an interrogatory that stated:

INTERROGATORY NO. 4: Please identify the specific provision or provisions of each governmental or industry regulation, standard, recommendation, accepted practice, or custom that you contend was applicable to the design, manufacture, performance, testing, certification, or safety of the product.

(Doc. 100 at 4. (emphasis removed).) "None of the documents produced indicated the multiple private and public meetings between Defendants, [U.S. Consumer Protection Safety Commission

("CPSC")], and [Recreational Off-Highway Vehicle Association ("ROHVA")]." (*Id*. at 5.) On July 5, 2024, Defendants disclosed Mr. Joseph Mohorovic's ("Mr. Mohorovic") expert file, which included "hundreds of pages of documents related to the request." (*Id*.) Mr. Mohorovic is a former Commissioner on the CPSC. (*Id*.) Plaintiffs allege the "documents were intentionally withheld by Defendants and appropriate sanctions for this discovery abuse should be imposed." (*Id*.)

> Second, Plaintiff argues he served the following on Defendants:
>
> INTERROGATORY NO. 5: Please state whether, at any time, you or any person on your behalf conducted any test, study, or other analysis to determine the ability of passengers riding in the product to grip and/or maintain a grip on the passenger "hand hold" in order to safely and effectively prevent any portion of the passenger's body from being harmed during a rollover or other accident, and if such test, study or analysis was conducted, describe the nature and results of each such test, study, or analysis; state when it was performed, and identify each document that refers to it.
>
> REQUEST FOR PRODUCTION NO. 8: Please produce any documents identified in response to Interrogatory No. 5, that is, any documents in the Defendant's (sic) possession, custody, or control that relate to any tests, studies, or other analysis to determine the ability of passengers riding int (sic) the product to grip and/or maintain a grip on the passengers "hand hold" in order to safely and effectively prevent any portion of the passenger's body from being harmed during a rollover or other incident.

(*Id*. at 5–6. (emphasis removed).) "None of the documents produced indicated the multiple studies Defendants, CPSC, and ROHVA, had performed on the grip test, and Defendant intentionally did not supplement answers to interrogatories to identify such tests" in the documents they delivered. (*Id*. at 6.) Mr. Mohorovic's report provided specific information regarding communications about CPSC's concerns about testing grip strength with dummies to account for the effects of a rollover. (*Id*.) Mr. Mohorovic's report also included photographs. (*Id*. at 7.) Plaintiff alleges Defendants also intentionally withheld responsive documents and failed to supplement answers, warranting sanctions. (*Id*.)

Third, Plaintiff argues he served the following on Defendants:

INTEROGATORY NO. 6: Please state whether, at any time, you or any person on your behalf conducted any test, study, or other analysis to determine the necessity of using cab doors and/or nets with the product in order to safely and effectively prevent injuries or deaths to occupants during a rollovers (sic) or other accidents, and if such a test, study or analysis was conducted, describe the nature and results of each such test, study, or analysis; state when it was performed; and identify each document that refers to. (sic)

REQUEST TO PRODUCE NO. 9: Please produce any document identified in response to Interrogatory No. 6, that is, any documents in the Defendant's possession, custody, or control that relates to any tests, studies, or other analysis to determine the necessity of using cab doors and/or nets with the product in order to safely and effectively prevent injuries or deaths to occupants during rollovers or other accidents.

(*Id*. at 7. (emphasis removed).) "None of the documents produced indicated the multiple studies and documents by Defendants, CPSC and ROHVA, regarding the testing and safety of various cab doors and/or nets to prevent occupant ejection." (*Id*. at 7–8.) Mr. Mohorovic's report provided specific information regarding a report used during CPSC's attempt to regulate Defendants' product, in which testing of various combinations of cab doors and nets was done to analyze their effectiveness in avoiding occupant ejections. (*Id*. at 8–9.) This included evidence Plaintiff argues was a study done by CPSC on Defendants' behalf. (*Id*. at 9.) Plaintiff argues he was "surprised" when two witnesses—Mr. d'Entremont, and Mr. Dillon—testified during depositions regarding upper window nets on earlier models. (*Id*. at 8)

Fourth, in his reply (Doc. 122), Plaintiff argues he served the following on Defendants:

Interrogatory No. 10: Please describe in detail the Defendant's (sic) relationship with and connection to the Recreational Off-Highway Vehicle Association (hereinafter "ROHVA"). Your response should include, but not be limited to, identifying any agents or employees of the Defendant (sic) who work or collaborate with ROHVA, who communicate with ROHVA, who fill a position on ROHVA, or who otherwise perform any function for ROHVA; for each such agent or

3

employee, please describe their work, communications, position, or functions performed. . . .

Interrogatory No. 12: Please describe any efforts on the part of the Defendant during the ten years prior to the wreck at issue in this case to help alter, remove, or otherwise affect governmental regulations and/or safety standards governing recreational off-highway vehicles and/or UTVs. Your response should include, but not be limited to, any efforts on the part of the Defendant or any of the Defendant's employees, agents, officers, etc., to assist ROHVA in preparing and submitting its June 19, 2015, comments before the United States Consumer Product Safety Commission, Docket No. CPSC-2009-0087, attached hereto as Exhibit A. . . .

Request No. 12: Please produce an organizational chart or any comparable document detailing the structure of ROHVA and Defendant's connection to ROHVA.

Request No. 13: Please produce any documents in the Defendant's possession, custody, or control that detail any efforts made during the ten years prior to the wreck by the Defendant or its employees, agents, or officers to help, alter, remove, or otherwise affect governmental regulations and/or safety standards governing recreational and/or safety standards governing recreational off-highway vehicles and/or UTVs. The responsive documents should include, but not be limited to, any documents detailing any such efforts to assist ROHVA in preparing and submitting its June 19, 2015, comments before the United States Consumer Product Safety Commission, Docket No. CPSC-2009-0087, attached hereto as Exhibit A.

(*Id*. at 1–2. (emphasis removed).) Plaintiff asserts Defendants "objected that such request is not relevant to any party's claim or defense, that ROHVA is a separate and distinct entity, and that such documents can be obtained directly from ROHVA." (*Id*. at 2.) Plaintiff disagrees with the basis for Defendants' objection. (*Id*.) He argues "ROHVA is the representative of Defendants" because ROHVA represents Polaris to the U.S. Consumer Product Safety Commission (the "CPSC"), and Defendants and ROHVA "worked as one team." (*Id*. at 5–6.) Plaintiff also asserts Defendants and ROHVA "were involved in a joint venture to develop testing to gather and analyze data regarding ROV vehicle dynamics," and in the past has provided information and data to CPSC related to their vehicles. (*Id*. at 6.) One document provided to Plaintiff through Mr. Mohorovic's

4

file was a memorandum which listed a Polaris employee as Chairman of ROHVA's Board of Directors. (*Id.*) The document included as an attachment a presentation by the Polaris employee on topics including "developing dynamic stability test for low rollover propensity" and analysis on keeping an "occupant's limbs and torso . . . within the vehicle during a rollover." (*Id.* at 7.) Plaintiff argues Polaris should have disclosed this information in discovery. (*Id.* at 7.)

Plaintiff cites Federal Rules of Civil Procedure 26(e), 34, and 37(c), and case law on the factors to determine whether sanctions are appropriate under Rule 37. He argues that under Rule 34, Defendants were obligated to seek information reasonably available to them from employees, agents, or others subject to their control. (*Id.* at 8.) He asserts Defendants "cannot hide behind ROHVA, when they have the possession, custody, and control to provide the documents." (*Id.*)

Because Plaintiff added argument regarding the fourth category of evidence in his reply (Doc. 122), Defendants' response only addresses the first three. (*See* Doc. 113.) Defendants argue that Plaintiff "failed to establish that any of these documents were within Polaris's possession, custody, or control." (Doc. 113 at 9.) Regarding the second category of evidence, Defendants assert that on March 28, 2024, they produced "the Polaris testing document" that Plaintiff argues he did not receive and relies on as grounds for the pending motion. (*Id.* at 11.) The document was referenced by Bates number in Mr. Mohorovic's report. (*Id.*) Additionally, they assert Plaintiff had another one of the documents he references for months, and "exhibited th[e] precise document in Alex Dobmeier's ("Mr. Dobmeier") deposition, taken on April 22, 2024." (*Id.*)

Under Federal Rule of Civil Procedure 34(a)(1)(A), a party must disclose relevant documents within its "possession, custody, or control." The Sixth Circuit Court of Appeals has determined that a document is within a party's possession, custody, or control "if the party has

5

actual possession, custody, or control, or has the legal right to obtain the document on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). The burden to prove that the opposing party has control is on the party seeking production. *Id*. (citation omitted).

Here, Plaintiff fails to prove that the documents he received in Mr. Mohorovic's expert file were within the "possession, custody, or control" of the Defendants. (*See* Doc. 100.) He specifically fails to prove that ROHVA is an "agent," "subsidiary," or "representative" to the extent that documents within ROHVA's control were within Defendants' control. ROHVA is a trade association, of which Polaris was a member. (Doc. 122 at 5, n.2.) This indicates a membership connection, rather than an agency relationship. Further, Defendants' objection to Plaintiff's discovery request stated that "ROHVA is a separate and distinct entity" and that the documents Plaintiff requested could "be obtained directly from ROHVA." (Doc. 122 at 2.) Plaintiff did not move to compel production of documents after receiving this objection. Sanctions are unwarranted because Plaintiff fails to prove Defendants violated Rule 26.

**2. Improper Representative Provided for 30(b)(3) Deposition Notice**

Plaintiff also alleges Defendants provided a representative who "had no knowledge or understanding of the subject matters" in the Federal Rule of Civil Procedure 30(b)(6) deposition notice. (Doc. 100 at 11.) Specifically, he argues Mr. Alex Dobmeier ("Mr. Dobmeier") was designated to respond to answers for written discovery. (*Id*.) Plaintiff states that Mr. Dobmeier "began working for Defendants in 2015, after the proposed mandatory regulations had been published and before the 2016 industry standards were finalized." (*Id*.) Plaintiff argues Mr. Dobmeier "knew nothing about the testing, studies or analysis of the topics," including that ROHVA developed the standards, in addition to other topics related to testing and industry

6

standards involving ROHVA and CPSC. (*Id*.) Plaintiff alleges that Defendants "intentionally put up an individual who had no knowledge of the subject matters," and argues sanctions are appropriate. (*Id*. at 12.)

Defendants respond that "Plaintiff should have brought a motion to compel if he was unsatisfied with Polaris's deposition answers." (Doc. 113 at 13.) Defendants assert that Rule 30(b)(6) depositions are limited to the topics for which notice is given, regardless of whether a topic is relevant to the litigation. (*Id*.) They argue Mr. Dobmeier was prepared to answer questions within the scope of Plaintiff's 30(b)(6) notice. (*Id*. at 15.) Defendants assert that Plaintiff has "not identified a topic within his Rule 30(b)(6) deposition notice that encompasses" the questions to which Plaintiff argues Mr. Dobmeier should have been able to testify. (*Id*. at 12.)

Plaintiff replies that the Rule 30(b)(6) notice put Defendants on notice that they would question Defendants' representatives, including Mr. Dobmeier, about testing, studies, and analysis regarding passengers' ability to maintain grip to avoid injury in the event of a rollover. (Doc. 122 at 3.) Further, they reference the Rule 30(b)(6) notice to demonstrate that Defendants were on notice about testing, studies, and analysis regarding the benefits of cab doors and nets to avoid injuries in a rollover, creating a "shoulder zone passive barrier," and testing regarding recommended weight limit to avoid rollovers. (*Id*.) Plaintiff alleges Mr. Dobmeier was willfully ignorant "of any testing by agents or third parties," and cites a document ROHVA filed "on behalf of Defendants" in 2015. (*Id*. at 5.) The document was a "formal comment to the CPSC in response to the Notice of Proposed Rulemaking (NPR)." (*Id*.) Plaintiff notes that Mr. Dobmeier held the position of Senior Project Engineer for the 2019 Polaris and argues that—according to the ROHVA report—if Defendants were going to "implement the NPR's requirements for design, testing and

7

validation," it "should be in the Model Year 2019." (*Id*.) Plaintiff reiterates his argument that "Defendants intentionally produced a representative who was willfully ignorant of the subjects (sic) matters in this case." (*Id*.)

Plaintiff appears to argue both that Defendants intentionally produced a representative who had no knowledge of certain topics listed in the Rule 30(b)(6) notice, and that the representative was in fact in a position to have such knowledge. (*See id*. at 3–5.) While Plaintiff's Rule 30(b)(6) notice indicated he would question Defendants' corporate representative about tests, studies, and analysis, it did not specify that he would ask about ROHVA or other third-party tests. (*See* Doc. 122 at 3.) Additionally, the Rule 30(b)(6) notice related each topic specifically to the "Polaris RZR 2019 that is the subject of this lawsuit." (*Id*.) Plaintiff fails to identify a topic within his Rule 30(b)(6) deposition notice to which Mr. Dobmeier should have been able to testify and was unable to. The Court finds that sanctions are unwarranted because Plaintiff fails to prove Defendants violated Rule 30(b)(6).

Accordingly, the Court **DENIES** Plaintiff's motion for sanctions (Doc. 100.)

**SO ORDERED.**

**ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**